IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02166-EWN-PAC

ERIC MARSHALL,

      Plaintiff,

v.

CDOC; ACCESS CORRECTIONAL CARE, a/k/a COLORADO ACCESS CDOC; ARROWHEAD MEDICAL CENTER; HEAD PHYSICIAN JOHN DOE,

      Defendants.

---

## ORDERS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Patricia A. Coan, United States Magistrate Judge

This matter is before me on four referred motions: a Motion to Dismiss filed by defendant Colorado Access on February 28, 2005 [doc. # 21]; plaintiff's motion styled "Motion Denied Access to Grievance Records," filed June 13, 2005 [doc. # 39]; a Motion to Dismiss filed by defendant Colorado Department of Corrections (CDOC) on August 15, 2005 [doc. # 46]; and Dr. Cabiling's Motion to Strike, filed September 21, 2005 [doc. # 57]. The motions have been fully briefed and oral argument is not necessary.

Plaintiff is an inmate at the Sterling Correctional Facility who filed this *pro se* action for violation of his Eighth Amendment rights. He filed his amended complaint on December 15, 2004, asserting three claims based on medical care he desires because of injuries in an October 31, 2001[1] motor vehicle accident. On that date, plaintiff was being transported in a Huerfano County Correctional Facility van when the driver (R. Haseneck)

---

[1]Plaintiff lists the date as October 31, 2004 (amended complaint at 3), but it is clear from all the information in this case and in 2002-cv-00011-EWN-PAC, that the date of the accident was in 2001.

04-cv-02166-EWN-PAC
September 26, 2005

backed into a parking lot pole, allegedly causing plaintiff to sustain a back injury.  For his

first claim, plaintiff charges defendant Colorado Access Care with deliberate indifference

to plaintiff's medical needs because of its failure to approve an epidural injection for

plaintiff's back pain.[2]   Amended Complaint at 4.   Plaintiff next claims that Colorado

Access's decision to limit plaintiff's ability to receive treatment for his injury was "intentional

interference" with a contract between the CDOC and Colorado Access regarding payment

for medical treatment of prisoners.  Amended Complaint at 5.  For his third claim, plaintiff

appears to assert that there was a delay in receiving epidural pain relief treatment and that

Head Physician John Doe[3] at the Arrowhead Correctional Center failed to "comply with the

neurosurgeon's orders."  Plaintiff complains that the epidural block Dr. Moore performed

on July 30, 2003, "was a failure do to the time that had past and the plaintiff's serious back

injury had progressively advanced."  Amended Complaint at 6.

*Background*

**Plaintiff's 2002 Civil Action**

Plaintiff filed a previous action on the same issues in 2002-cv-00011-EWN-PAC,

*Marshall v. R. Kurtz, Warden; R. Haseneck, Correctional Officer; Colorado Access*

*Insurance; Dr. Cabiling, ACC Medical Doctor; and Dr. Wermer, AVCF Medical Physician*.

That action was eventually dismissed in its entirety.  See Order of August 12, 2004.

---

[2]This claim also contains plaintiff's contention that Dr. Lilly said that plaintiff "may very well need surgery," but plaintiff makes no connection between the alleged statement and the claims in his amended complaint.  The only document plaintiff provides is an attachment to his amended complaint which is a one-page report by Dr. Lilly, (dated March 28, 2002) in which he states "plaintiff's affect is neuristhenic" (sic) and he makes no mention in the treatment plan of any surgery.

[3]This person was identified as Dr. Louis Cabiling, the physician who treated plaintiff while he was incarcerated at the Arrowhead Correctional Facility in 2003.  Dr. Cabiling filed his answer on March 23, 2005.

04-cv-02166-EWN-PAC
September 26, 2005

Initially, that case was dismissed with prejudice as to Haseneck, and without prejudice (for failure to exhaust administrative remedies) as to Warden Kurtz.  See  March 20, 2003 Order.  The case was allowed to proceed against Colorado Access, a party plaintiff wanted to add in his motion to amend filed after defendants Kurtz and Haseneck filed their motion to dismiss.  Marshall filed an amended complaint on April 3, 2003 against Colorado Access, alleging that Colorado Access denied the epidural block Dr. Lilly ordered.  Plaintiff attached documents to the amended complaint including a grievance that was exhausted after the filing of the original complaint.

A second amended complaint was filed on January 2, 2004, which added Dr. Cabiling and "John Doe AVCF Medical Physician" as defendants.  Appended to that complaint was the same grievance that was attached to the previous amended complaint. Dr. Wermer was substituted for the John Doe AVCF Medical Physician on March 10, 2004, and because plaintiff's grievance relating to Dr. Wermer's denial of Topamax was not denied by the Step III grievance officer until November 20, 2003, Judge Nottingham ordered the dismissal without prejudice of all of plaintiff's claims.  See August 12, 2004 Order at 8. Judge Nottingham held that, under §1997e(a), a prisoner must exhaust his administrative remedies before filing suit in federal court, and therefore plaintiff could not pursue a claim based on an administrative remedy that was exhausted after the filing of the suit.  *Id.* at 5-8.

### Plaintiff's Present Action

In the instant action, plaintiff does not state specific facts demonstrating exhaustion of administrative remedies for any of the claims in his amended complaint.  He refers only

04-cv-02166-EWN-PAC
September 26, 2005

in very vague terms to exhaustion of administrative remedies.  Plaintiff states only "[h]ave exhausted administrative remedies."  Amended Complaint at 7.  No grievances are attached to the Amended Complaint.  On June 9, 2005, plaintiff did provide copies of two grievances which show that they  were exhausted after the date this action was commenced.  See attachments to plaintiff's June 9, 2005 motion styled "Motion to Present Supplement/Denial of Past Filed Grievances."[4]

*Analysis*

## A. Exhaustion of Administrative Remedies

Defendant Colorado Access moves to dismiss plaintiff's complaint on three grounds: first, that the statute of limitations bars plaintiff's claims; second, that plaintiff failed to exhaust administrative remedies; and third, that plaintiff is not a party to any health care contract so he cannot allege interference with any contract.  Defendant CDOC moves to dismiss on grounds of failure to state a claim for deliberate indifference.  For the reasons set forth below, I consider only the exhaustion issue.

I examine plaintiff's *pro se* amended complaint in a charitable manner. *Pro se* pleadings are to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  A court will not construct legal theories which assume facts that have not been pleaded, *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989),  nor is the court obligated to "supply additional factual allegations to round out a plaintiff's complaint."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  On a motion to dismiss under FED.R.CIV.P.

---

[4]These are grievances #C-AV04/05-093 (SCF) (Step III denial dated March 3, 2005, regarding an evaluation by Physician's Assistant Singh) and #C-AV04/05-161 (SCF) (Step III denial May 12, 2005, concerning "fake" medications and refusal of "correct" medications).

04-cv-02166-EWN-PAC
September 26, 2005

12(b)(6) for failure to state a claim, the court must accept as true well-pleaded factual allegations. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). All reasonable inferences must be resolved in plaintiff's favor. *Bauchman v. West High School*, 132 F.3d 542, 550 (10th Cir. 1997)(internal citations omitted). Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also, Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 586 (10th Cir. 1994); *Miller*, 948 F.2d at 1565.

### 1. Necessity of Adequate Pleading of Exhaustion of Administrative Remedies

Colorado Access has moved to dismiss plaintiff's claims on the ground that he failed to exhaust his claims. Plaintiff has recurring problems with the presentation of his claims, and the court finds it difficult to determine the extent to which he may or may not have exhausted his claims through available administrative remedies. Plaintiff has filed sixty-four grievances relating to medical issues from 2002 through August 2005. See CDOC's Response to Plaintiff's "Motion Denied Access to Grievance Records," filed September 6, 2005 at 3. Plaintiff has not provided any information in this case which would allow the court to match the claims in his amended complaint with particular grievances.

The Prison Litigation Reform Act at 42 U.S.C. § 1997e(a), states "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any ... prison until such administrative remedies as are available are exhausted." A prisoner must exhaust all available administrative remedies prior to seeking relief in federal court, regardless of the form of relief sought, and irrespective of the type of relief

offered through the administrative process. *Booth v. Churner*, 532 U.S. 731 (2001); *Porter v. Nussle*, 534 U.S. 516 (2002). This "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Exhaustion is mandatory, even for prisoners seeking damage relief. *Id.* at 524. "Exhaustion ... 'serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency.'" *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1237 (10th Cir. 2005), quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). The prisoner must follow the grievance process to its conclusion; the doctrine of substantial compliance does not apply. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002).

A prisoner has the burden to sufficiently plead exhaustion of grievance proceedings, either by supplying supporting documentation on exhaustion, or if such documentation is unavailable, by describing with particularity the administrative proceeding and its outcome. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir. 2003), *cert. denied,* --- U.S. ----, 125 S.Ct. 344 (2004). Exhaustion is a pleading requirement rather than an affirmative defense. *Id.* The prisoner is the person best able to assert the relationship between his administrative grievance and his court filing. *Steele*, 355 F.3d at 1210. When a prisoner fails to plead exhaustion adequately, it amounts to a failure to state a claim, requiring dismissal under the PLRA. *Simmat*, 413 F.3d at 1238

Plaintiff does not describe with any particularity the administrative proceeding or give any grievance numbers in support of the claims in his amended complaint. Under "F. Administrative Relief," plaintiff refers to "copies (of grievances) with previous lawsuit" (2002-cv-00011-EWN-PAC) and states he "can not receive copies of the grievances at this

time. Have exhausted administrative remedies." Amended Complaint at 7. No copies of grievances were attached to the amended complaint, but copies of grievances were appended later to the plaintiff's "Motion to Present Supplement . . ." filed June 9, 2005, and reference was made again to the grievances (no particular grievance number) in his previously filed case. To the extent that plaintiff has claimed that he does not have access to copies of his grievances, he fails to use *Steele's* alternative pleading method, which is to describe the administrative proceeding and its outcome with particularity. I therefore recommend concluding that plaintiff has failed to adequately plead exhaustion of administrative remedies, and that dismissal of his case is therefore appropriate on that ground.

*2. Requirement of Complete Exhaustion of Remedies Prior to Filing Suit*

Plaintiff has included in his "Motion to Present Supplement/Denial of Copies of Past Filed Grievances" (filed June 9, and granted June 15, 2005) two grievances that were exhausted after he filed the complaint in this action. They are grievances #C-AV04/05-093 (SCF) (Step III denial dated March 3, 2005) and #C-AV04/05-161 (SCF) (Step III denied May 12, 2005). See fn. 4. Plaintiff has not provided any link between these grievances and the claims in his amended complaint and final resolution of the grievances in the administrative process occurred after the amended complaint in this action was filed.

If plaintiff wants a federal district court to consider the merits of his claims, he must allege and present only claims which were fully exhausted prior to the filing of his lawsuit. The addition of claims, or reference to grievances which may support his claims, which were exhausted *after* the filing date of the complaint in this action, render this entire action

04-cv-02166-EWN-PAC
September 26, 2005

unexhausted.  "If a prisoner ... submit[s] a complaint containing one or more unexhausted

claims, the district court ordinarily must dismiss the entire action without prejudice."  *Ross*

*v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004).  Plaintiff's inclusion of the

grievances which were exhausted after the filing of the action render his amended

complaint a "mixed petition"  which requires dismissal without prejudice so plaintiff can

refile his properly exhausted claims.  *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir.

2002).

For the reasons stated, I recommend that defendant Colorado Access's Motion to

Dismiss be granted in part and that this entire action be dismissed without prejudice for

failure to exhaust.  Because I recommend dismissal without prejudice of the action due to

plaintiff's failure to exhaust his administrative remedies, I do not consider the merits of any

of plaintiff's claims.  The remaining grounds for Colorado Access's Motion to Dismiss and

CDOC's Motion to Dismiss which go to the merits of plaintiff's claims should therefore be

denied as moot.

### B. Plaintiff's Remaining Motion Regarding Access to Grievance Records

On June 9, 2005 plaintiff filed a "Motion to Present Supplement/Denial of Copies

of Past Filed Grievances," which was a request for the court to consider the grievances

filed in his 2002 civil action.  I granted that motion on June 15, 2005 and I have considered

the grievances filed in plaintiff's 2002 case.

On June 13, 2005, plaintiff filed a "Motion Denied Access to Grievance Records"

which is essentially a motion for the court  to order Anthony DeCesaro (Step III Grievance

Officer) to produce plaintiff's grievance records.  The CDOC responded to the motion on

8

04-cv-02166-EWN-PAC
September 26, 2005

September 6 and 7, 2005.  Plaintiff seeks copies of "all grievances filed from January 2002 until January 2003,' and states that he is "unable to give the grievance number to the grievances that was file (sic) on Colorado Access."  CDOC responded that plaintiff previously received copies of his grievances and that grievances relating to medical matters are contained in an inmate's medical file.  CDOC's September 6, 2005 Response at 2-3.  An inmate may request the opportunity to review his medical file, and order copies of any documents in the file.

Due to plaintiff's persistent lack of specificity in identifying the grievances which relate to his claims, it would be futile to order the Step III Grievance Officer to produce the records plaintiff seeks.  For these reasons, plaintiff's "Motion Denied Access to Grievance Records", which the court considers to be a motion to order Anthony DeCesaro to produce the requested grievances will be denied.

### C. Dr. Cabiling's Motion to Strike

On September 21, 2005, defendant Dr. Cabiling filed a Motion to Strike Plaintiff's Response to his answer.  A response to an answer is not considered a pleading under FED.R.CIV.P. 7, and there is no other basis on which the court would consider plaintiff's "response" to an answer.  The defendant's motion to strike is unnecessary and will be denied  as moot.

*Orders and Recommendation*

For the reasons stated, it is

**ORDERED** that the plaintiff's  "Motion Denied Access to Grievance Records," filed June 13, 2005 [doc. # 39] is **DENIED AS FUTILE**; it is

04-cv-02166-EWN-PAC
September 26, 2005

**FURTHER ORDERED** that defendant Dr. Cabiling's Motion to Strike, filed September 21, 2005 [doc. # 57] is **DENIED AS MOOT**.

It is further

**RECOMMENDED** that Colorado Access's Motion to Dismiss [doc. # 21] should be **GRANTED on the ground of exhaustion**, and that this action should be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE** against all defendants for failure to exhaust administrative remedies; it is

**FURTHER RECOMMENDED** that the remainder of Colorado Access's Motion to Dismiss and the CDOC's Motion to Dismiss [doc. # 46] should  in all other respects be **DENIED AS MOOT**.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district court judge shall make a determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations**

04-cv-02166-EWN-PAC
September 26, 2005

**of the magistrate judge.**

Dated this 26th  day of September, 2005.

BY THE COURT:

/s Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge