IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-02166-EWN-PAC

ERIC MARSHALL,

    Plaintiff,

v.

CDOC ACCESS CORRECTIONAL CARE, a/k/a COLORADO ACCESS CDOC,
ARROWHEAD MEDICAL CENTER, and
HEAD PHYSICIAN JOHN DOE,

    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Patricia A. Coan, Magistrate Judge

    Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915.  §1915(b)(2) requires plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full.  Plaintiff has been instructed to make such payments.  *See* Orders of November 4, 2004 and May 3, 2005.

    Plaintiff  has failed, since the beginning of this case, either to make a monthly payment or to show cause why he has no assets and no means by which to make a monthly payment, except for May of 2005.  On May 16, 2005, plaintiff submitted a record of his inmate account from February 11, 2005 through May 11, 2005, which showed 45 cents as the available amount as of May 11, 2005.  The inmate account record also showed that after receiving three money orders, totaling $110.00, plaintiff's account was debited for five canteen orders, postage and copying expenses, and other incidental expenses, but no payments were made to the Court.  From that inmate record, I recommend finding that, while plaintiff had sufficient assets to make  payments to the Court for February, March and April of 2005, plaintiff probably was unable to make a payment for May 2005.

04-cv-02166-EWN-PAC
November 14, 2005

On August 22, 2005, plaintiff was ordered either to make the required monthly payments or to show cause why he has no assets and no means by which to make the monthly payments from June 2005 to the present. Plaintiff was warned that a failure to comply with that order would result in the dismissal of the complaint and the action. Notwithstanding that warning, plaintiff has not made any payments, nor has he submitted any inmate account statements showing that he has no assets and no means by which to make a monthly payment. Plaintiff therefore has not complied with the Court's August 22, 2005 Order. Accordingly, it is

**RECOMMENDED** that the complaint and the action be **dismissed with prejudice** for failure to comply with the Court's August 22, 2005 Order.

**Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of this recommendation to file with the assigned District Judge any specific written objections to the findings of fact, conclusions of law, or recommendations of the Magistrate Judge as set forth in this document. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file specific written objections to the findings of fact, conclusions of law, or recommendations as set forth in this document will bar the party from *de novo* determination by the District Judge. *See United States v. Raddatz*, 447 U.S. 667, 676-83 (1980). Additionally, the failure to file specific written objections to the findings of fact, conclusions of law, or recommendations of the Magistrate Judge in this document will bar appellate review of the findings of fact, conclusions of law, or recommendations of the Magistrate Judge in this document. *See Thomas v. Arn*, 474**

04-cv-02166-EWN-PAC
November 14, 2005

**U.S. 140 (1985);** *Talley v. Hesse,* **91 F.3d 1411 (10th Cir. 1996).**

DATED at Denver, Colorado, this 14th day of November 2005.

          BY THE COURT:
          <u>s/Patricia A. Coan</u>
          Patricia A. Coan
          United States Magistrate Judge